UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL MEYER,<br><br>               Plaintiff,<br><br>     v.<br><br>BANK OF AMERICA, N.A., a Delaware Corporation; RECONTRUST COMPANY, N.A., a corporation of unknown origin and a wholly-owned subsidiary of Bank of America, N.A.; FEDERAL NATIONAL MORTGAGE ASSOCIATION, a Federally Chartered Corporation; and DOES 1-10 as individuals or entities with an interest in the property commonly known as:<br><br>2809 W. Gavin St.<br>Boise, Idaho  83703<br><br>               Defendants. | Case No. 1:11-CV-00528-BLW-MHW<br><br>**REPORT AND RECOMMENDATION AND ORDER** |

Pending before the Court are Defendants' Motion to Dismiss (Dkt. 4), Defendants' Motion for Judicial Notice (Dkt. 5), Plaintiff's Motion for Leave to Amend the Complaint and Extend the Scheduling Order Deadline ("Motion to Amend") (Dkt. 13), and Plaintiff's Motion for Extension of Time to Complete Discovery and Dispositive Motions ("Motion for Extension of Time") (Dkt. 26).  On December 13, 2011, this case was

**REPORT AND RECOMMENDATION - 1**

assigned to the undersigned for all pretrial motions. *Order*, Dkt. 6. The Court heard argument on the motions on July 23, 2012.

For the reasons set forth below, the Court enters the following Report and Recommendation and Order granting Defendants' Motion for Judicial Notice, finding that Plaintiff's Motion for Extension of Time is moot, and recommending that Defendants' Motion to Dismiss be granted and that Plaintiff's Motion to Amend be denied.

## MOTION TO TAKE JUDICIAL NOTICE

In support of their Motion to Dismiss, Defendants move the Court under Federal Rule of Evidence 201 to take judicial notice of the following documents attached to the Affidavit accompanying the Motion for Judicial Notice: (A) Note signed by Plaintiff on November 10, 2005; (B) Deed of Trust as recorded in the public real property records of Ada County, Idaho on November 10, 2005; (C) December 19, 2010 Complaint to Quiet Title, Case No. 1:10-cv-00632-EJL-REB (*Meyer v. Bank of America, N.A., et al.*); (D) March 3, 2011 Opposition to Motion to Dismiss, Case No. 1:10-cv-00632-EJL-REB (*Meyer v. Bank of America, N.A., et al.*); (E) Order Adopting Report and Recommendation, Case No. 1:10-cv-000632-EJL-REB (*Meyer v. Bank of America, N.A., et al.*).; (F) Report and Recommendation On Motion to Dismiss, Case No. 1:11-cv-00193-EJL-CWD (*Washburn v. Bank of America, et al.*); (G) Report and Recommendation on Motion to Dismiss, Case No. 1:10-cv-000632-EJL-REB (*Meyer v. Bank of America, N.A., et al.*). *Affidavit of Amber N. Dina in Support of Request for Judicial Notice ("Dina Aff.")*, Exs. A-G, Dkt. 5-1 to 5-8.

**REPORT AND RECOMMENDATION - 2**

Generally, when ruling on a Rule 12(b)(6) motion, a court may not consider material beyond the pleadings without treating it as a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, the Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming a motion to dismiss into a motion for summary judgment. *Disabled Rights Action Comm., v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 (9th Cir. 2004). The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Any documents not attached to a complaint, however, may be considered only if their authenticity is not questioned and the complaint necessarily relies on the documents. *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (citing *Lee, id.*). Finally, as particularly relevant here, a court may consider recorded real estate documents. *United States v. Richie*, 342 F.3d 903, 907-08 (9th Cir. 2003).

Here, Plaintiff has objected only to the Court's taking judicial notice of the Note. The other documents clearly meet the criteria for taking judicial notice in that each is either in the public record or is a document filed in this Court. Accordingly, the Court will take judicial notice of those documents. *See Dina Aff.*, Exs. B-G, Dkt. 5-2 to 5-8.

The Note, while not attached to Plaintiff's Complaint in the instant case, purports to have been signed by Plaintiff on November 10, 2005, and Plaintiff relies on it in his Complaint. For example, he alleged that on or about November 10, 2005, he executed a

**REPORT AND RECOMMENDATION - 3**

Promissory Note payable to the order of Bank of America.  *Compl.* ¶ 9.  He further alleged that Bank of America sold its interest in the loan and is not entitled to possession of the Promissory Note.  *Compl.* ¶16.  Finally, he requests a determination of who owns the Promissory Note.  *Compl.* ¶42.  Plaintiff made similar allegations in his prior quiet title action discussed below.  *Quiet Title Compl.* ¶¶ 9, 16.

Rather than challenging the Note in any way, Plaintiff alleges in this action, as he did in the quiet title action, that production of the original Note "will reveal that the Note was indorsed either specially or in blank as part of the CDO/MBS transaction or transactions."  *Compl.* ¶ 19 and *Quiet Title Compl.* ¶19.  Plaintiff does not contend that the date, amount, due date, or other terms of the note are inaccurate.  He does not contend that it does not bear his signature.[1]  Nor does he do so in his opposition to the Motion to Dismiss.  Notably, he does not object to the Court's taking judicial notice of the Deed of Trust which specifically refers to the promissory note executed on November 10, 2005 in the amount of $187,500.  *Dina Aff.*, Ex. B, Dkt. 5-3.

The Court finds Plaintiff's objection to (or unwillingness to admit) the authenticity of the Note to be frivolous and perhaps related to his contention that Bank of America must produce the original Note to proceed with the foreclosure.  This argument has been repeatedly rejected, including Plaintiff's prior action discussed below.  *See Report and Recommendation*, Dkt. 28, and *Order Adopting Report and Recommendation*, Dkt. 29, in

---

[1]  At oral argument, Plaintiff evaded the Court's questions regarding whether he was denying that the signature on the copy of the Note was his.

**REPORT AND RECOMMENDATION - 4**

*Meyer v. Bank of America, N.A., et al.*, Case No. 1:10-cv-632-EJL-REB.  Accordingly, the Court will take judicial notice of the Note.  *Dina Aff.*, Ex. A, Dkt. 5-2.  Alternatively, the Court finds that taking judicial notice of the Note is not necessary to resolve the Motion to Dismiss.[2]

## BACKGROUND

Plaintiff is an attorney and member of the Idaho State Bar representing himself in this action and in a prior action.  As will become relevant below, he has filed several other cases in the District of Idaho on behalf of clients with almost identical claims challenging foreclosure proceedings.  A list of those cases is set forth in the attached Appendix A to this Report and Recommendation.

Plaintiff purchased a home located at 2809 W. Gavin Street, Boise, Idaho 83703 (the "Property"), the purchase of which was financed by a loan that originated with Defendant Bank of America, N.A. ("BANA").  In connection with the purchase, on November 10, 2005, Plaintiff executed a promissory note ("Note") in the principal amount of $187,500 payable to BANA and executed a Deed of Trust as security for the loan naming BANA as Beneficiary and First American Title Company of Idaho as Trustee.  *Dina Aff.*, Exs. A (Note) and B (Deed of Trust).  He subsequently defaulted on the loan.  BANA then appointed ReconTrust as Successor Trustee under the Deed of Trust and commenced non-judicial foreclosure proceedings on August 16, 2010.  *See*

---

[2]  *See, e.g., Sykes v. Mortgage Electronic Registration Systems, Inc.*, No. 1:11-cv-377-BLW, 2012 WL 914922 (D. Idaho Mar. 15, 2012) resolving motion to dismiss without the Note in the record.

*Compl.*, Exs. A (Notice of Default) and B (Appointment of Successor Trustee) Dkts. 1-1 and 1-2 .

According to the Notice of Default, Plaintiff had been in default since failing to make the February 1, 2010 payment, and owed the sum of $15,200.58, including subsequent missed payments and foreclosure costs and fees.  *Compl.*, Ex. A, Dkt. 1-1.  A Notice of Trustee's Sale dated August 24, 2010, set the foreclosure sale for January 3, 2011, and stated a balance owing of $175,989.26 excluding foreclosure costs and fees. *Compl.*, Ex. D, Dkt. 1-4.

On December 19, 2010, Plaintiff filed a Complaint to Quiet Title ("Quiet Title Complaint") in this Court seeking to quiet title to the same property against the same parties named as Defendants in this case.  *See Meyer v. Bank of America, N.A., et al.,* Case No. 1:10-cv-00632-EJL-REB.  The Quiet Title Complaint challenged the validity of the foreclosure proceedings based on a variety of theories and concluded with a request that BANA, ReconTrust, and/or Fannie Mae be required to produce the original Note and that the interests of those parties and any other person or entity purporting to have an interest in the property be determined by the Court.

On August 29, 2011, Magistrate Judge Ronald E. Bush issued a Report and Recommendation on Defendants' Motion to Dismiss recommending that the Motion be granted after finding that Plaintiff's title was not clouded, that securitization of the loan and transfer to another entity did not extinguish the security interest or otherwise impact the ability to foreclose, and that Defendants were not required to produce the Note. *See*

**REPORT AND RECOMMENDATION - 6**

*id., Report and Recommendation*, Dkt. 24.

On September 30, 2011, Judge Edward J. Lodge entered an order addressing Plaintiff's objections and adopting the Report and Recommendation. *See id.*, *Order Adopting Report and Recommendation*, Dkt. 29. Judge Lodge agreed with Judge Bush's findings and also found that lack of tender or ability to tender the loan obligation defeated Plaintiff's quiet title action. *Id.*

On November 1, 2011, Plaintiff filed the instant two-count Complaint ("Complaint") alleging violations of the Fair Debt Collection Practices Act ("FDCPA") § 1692 and seeking declaratory relief for alleged violations of the Idaho Trust Deed statute, Idaho Code § 45-4502, et seq. The Complaint names the same Defendants as the Quiet Title Complaint and involves the same property, the same loan, the same foreclosure proceedings, and the same alleged irregularities. *Compl.*, ¶¶ 8-32; *Quiet Title Compl.*, ¶¶ 8-32.

On December 12, 2011, Defendants filed the pending Motion to Dismiss and Motion to Take Judicial Notice. On February 16, 2012 and June 26, 2012, Plaintiff filed the pending Motion to Amend Complaint and Motion for Extension of Time, respectively. Defendants contend that the action is barred by the doctrine of res judicata and collateral estoppel and, alternatively, that Plaintiff does not state a claim under the FDCPA and is not entitled to declaratory relief.

## REPORT

## MOTION TO DISMISS

1.      **Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. at 557.

In a more recent case, the Supreme Court identified two "working principles" that underlie *Twombly*.  *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*.  "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the

doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009)(issued 2 months after *Iqbal*). *See also Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (citing *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990)). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007)(citations omitted).

As stated above, under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice and may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 866 (9th Cir. 2004).

The Court will now turn to the primary argument raised by Defendants in support of their Motion to Dismiss which it finds dispositive.

**2.      Dismissal based on Res Judicata**

**REPORT AND RECOMMENDATION - 9**

Claim preclusion, alternatively referred to as res judicata, "bars any subsequent suit on claims that were raised *or could have been raised* in a prior action." *Cell Therapeutics, Inc. v. Lash Grp. Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2010) (amended) (emphasis added). The Ninth Circuit, citing, *inter alia*, *Cell Theraputics*, recently addressed the issue of claim preclusion and identified criteria to determine its applicability:

> Claim preclusion requires three things: (1) identity of claims; (2) a final judgment on the merits; and (3) the same parties, or privity between the parties. *Cell Therapeutics, Inc. v. Lash Grp. Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2010) (amended).
>
> A court is to apply four criteria to decide whether there is an identity of claims: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011). *The fourth criterion is the most important. Id*. at 1151.

*Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (emphasis added).

In their supporting memorandum, Defendants set forth in detail the similarities of the allegations in the present case to those in Plaintiff's Quiet Title Complaint. *See Defs.' Mem.*at 1-4, Dkt. 4-1 at 4-8. Indeed, the allegations are virtually identical. *See Compl.* ¶¶ 8-32 and *Quiet Title Complaint*, ¶¶ 8-32. As stated above, Plaintiff alleges the same Note and Deed of Trust secured by the same property and alleges the same irregularities in the appointment of the successor trustee, "robo-signing," forged

**REPORT AND RECOMMENDATION - 10**

documents, BANA's failure to demonstrate possession of the promissory note or authority to enforce it, and several other similar issues.  In the first case, those allegations supported a quiet title cause of action.  In the current case, those allegations are now offered in support of Plaintiff's FDCPA and declaratory judgment causes of action.

The elements outlined in *Harris* are clearly present here.  The gravamen of each claim is identical in that each involves the same alleged irregularities prior to and up to commencement of the foreclosure proceedings.  There was a final judgment on the merits in the first case primarily finding that lack of tender was fatal to the case but also finding that securitization of the loan did not affect the ability to foreclose and BANA was not required to produce the Note.  Finally, the parties are identical in both cases.

Plaintiff denies that there is identity of claims.  However, analyzing the four criteria discussed in *Harris* shows otherwise.  First, the rights or interests of BANA, who prevailed in the first action based on the same Note and Deed of Trust, would be impaired if this Court were to proceed with this new case.  Second, identical evidence was presented in each case.  Third, the two cases involve infringement of the same right, *i.e.*, to be free from uncertainty as to who owns the debt and who has the right to foreclose.  Fourth, and most importantly under *Harris*, both cases arise out of the same transactional nucleus of facts, *i.e.*, the purchase of his home and the subsequent foreclosure proceedings.

Plaintiff also contends that the claims raised here were not decided on the merits in the quiet title action because it was dismissed only on the grounds of lack of tender.

**REPORT AND RECOMMENDATION - 11**

However, Plaintiff reads "on the merits" too narrowly.  "The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'"  *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (citations omitted) (affirming dismissal on grounds of res judicata because plaintiffs' claims could have been raised in a previous action).  Even a dismissal on statute of limitations grounds can be considered a final judgment on the merits for res judicata purposes.  *See Classic Auto Refinishing, Inc. v. Marino (In re Marino)*, 181 F.3d 1142, 1144 (9th Cir. 1999).  As noted in *Marino*, "Indeed, the Restatement has abandoned the 'on the merits' terminology because, as it explains, ''[i]ncreasingly . . . judgments not passing directly on the substance of the claim have come to operate as a bar.'"  *Id.* (citing *Restatement (Second) of Judgments § 19* cmt. a (1982).

In *Stewart*, employees had brought state law claims of breach of contract and wage claims.  Defendant removed the proceedings to federal court and then moved to dismiss pursuant to Rule 12(b)(6) on the grounds that ERISA preempted the state law claims and that the plaintiffs had not pleaded the required elements for an ERISA claim.  The plaintiffs neither objected to the magistrate's report and recommendation that the claims be dismissed nor moved to amend the complaint.  The district court adopted the magistrate's findings and dismissed the case.  The plaintiffs did not appeal.

One month after dismissal of their initial complaint, the plaintiffs filed a new complaint in district court alleging ERISA violations based on the denial of benefits alleged in the first complaint.  The district court dismissed the complaint on res judicata

**REPORT AND RECOMMENDATION - 12**

grounds but did not indicate whether it was dismissed with or without prejudice. The plaintiffs appealed contending that the decision in the first case was not a final judgment on the merits. The Ninth Circuit disagreed deeming that the district court's dismissal was with prejudice pursuant Rule 41(b) which specifies that "unless the court in its order for dismissal otherwise specifies, a dismissal . . . . other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." Fed. R. Civ. P. 41(b).

In concluding that the plaintiffs could have either stated their ERISA claim in the first complaint or amended it to include it, the Ninth Circuit quoted language utilized by the Supreme Court in reversing an earlier Ninth Circuit decision:

> The predicament in which respondent finds himself is of his own making. . . . [W]e cannot be expected, for his sole relief, to upset the general and well-established doctrine of res judicata, conceived in the light of the maxim that the interest of the state requires that there be an end to litigation – a maxim which comports with common sense as well as public policy. And the mischief which would follow the establishment of precedent for so disregarding this salutary doctrine against prolonging strife would be greater than the benefit which would result from relieving some case of individual hardship.

*Stewart*, 297 F.3d at 959 (quoting *Federal Dep't Stores v. Moitie*, 452 U.S. 393, 401-402 (1981) (alteration in original) (internal quotations omitted)).

Here, Plaintiff filed a complaint seeking to quiet title. It was "dismissed in its entirety." *See Judgment*, Dkt. 30, *Meyer v. Bank of America, N.A., et al.*, Case No. 1:10-

**REPORT AND RECOMMENDATION - 13**

cv-632-EJL-REB.  Plaintiff did not appeal.  One month later, alleging essentially the same facts against the same parties involving the same property, the same loan documents, and the same foreclosure, he filed a second complaint, raising causes of action he could have brought in the quiet title action.  The Court sees little distinction between a quiet title action and the declaratory judgment action to determine the rights of the parties.  Indeed, in order to quiet title, the Court would have had to determine each party's interest.  Furthermore, the factual basis for the FDCPA claim existed at the time Plaintiff filed the Quiet Title Complaint. As Defendants state in their Reply, "Plaintiff has not offered any additional factual support or legal authority [in his Response] to show that he has not simply rebranded the same failed allegations and reasserted them in the instant action." *Reply* at 2, Dkt. 14.

Accordingly, the Court recommends that the Complaint be dismissed on the grounds of res judicata. The Court deems it unnecessary to address Plaintiff's claims on the merits.  In passing, however, it notes that the FDCPA claim appears to be time-barred. *See* 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought . . . within one year from the date of which the violation occurs).  Plaintiff filed this action on November 1, 2011.  The foreclosure was commenced on August 16, 2010, more than a year earlier. *See Notice of Default* recorded August 16, 2010, and *Notice of Trustee's Sale* dated August 24, 2010.

## MOTION TO AMEND COMPLAINT

On February 9, 2012, presiding Judge B. Lynn Winmill entered a Case

**REPORT AND RECOMMENDATION - 14**

Management Order (Dkt. 11) ("Scheduling Order") setting a deadline of February 27, 2012, for amendment of pleadings. The Scheduling Order specified that the deadline for any motion to amend pleadings and join parties would only be extended "for good cause shown" given that the more restrictive provisions of Fed. R. Civ. P. 16(b) would apply after entry of the Scheduling Order rather than the liberal provisions of Fed. R. Civ. P. 15(a). *See Case Management Order* at 2 and n.2, Dkt. 11.

On February 16, 2012, three and a half months after Plaintiff filed the instant Complaint and two months after Defendants filed their Motion to Dismiss, Plaintiff filed his Motion to Amend stating that he would not be able to meet the Scheduling Order deadline. He requested that the deadline for amending the Complaint be extended to June 27, 2012 "or a reasonable date determined by the court . . . ." Plaintiff also stated that on February 6, 2012, before entry of the Scheduling Order, he had asked for leave to amend in his memorandum in opposition to the Motion to Dismiss.

**1.  Pre-Scheduling Order Request to Amend**

The Court will first address the request to amend contained in his brief submitted in opposition to the Motion to Dismiss.

At oral argument, the Court noted Plaintiff's failure to comply with the District of Idaho Local Rules when moving to amend the Complaint, most significantly his failure to submit a copy of the proposed amended complaint with his Motion as required by  Dist. Idaho Loc. Civ. R. 15.1. Upon counsel's representation that he "thought" he had done so, the Court out of an abundance of leniency, allowed him three days to do so. Thereafter,

**REPORT AND RECOMMENDATION - 15**

on July 26, 2012, Plaintiff filed his Proposed Amended Complaint. *See Notice of Proposed Amended Complaint*, Dkt. 28. In the proposed amendment, he seeks to add as parties Bank of America Corporation and BAC Home Loans Servicing, L. P., and he specifies that the originally named party Bank of America, N.A. is Successor to Countrywide Home Loans, Inc. He also seeks to add several new causes of action.

As stated above, the Complaint alleged violations of the Fair Debt Collection Practices Act and requested declaratory relief for violations of the foreclosure statutes. The Proposed Amended Complaint retains those claims but adds counts for Mail Fraud in violation of 18 U.S.C. § 1341, Fraud, Breach of Fiduciary Duty and Good Faith and Fair Dealing, Intentional Infliction of Emotional Distress, and "Etc." The "Etc." portion of the Proposed Amended Complaint encompasses ten allegations of violations of the Truth in Lending Act ("TILA") and related regulations and one violation of the Real Estate Settlement Procedures Act (" RESPA").

In opposing Defendants' Motion to Dismiss, Plaintiff notes that he "has been refining his claims against Defendants for mail fraud, fraud, and breaches under the deed of trust" and "requests leave to amend this claim to add additional factual investigation and findings through the other causes of action not included in the complaint at this time." *Mem. Opp*. at 25. In his concluding paragraph, he states, "If any claims are insufficiently plead [sic], Plaintiff requests an actual leave to amend." *Id*. at 27. He contends that he "was not afforded with effective (sic) time to investigate the robo-signing fraud and effectively plead all causes of action in this matter." *Id*. In other words, if the Court

**REPORT AND RECOMMENDATION - 16**

grants the Motion to Dismiss, he requests leave to amend the Complaint.

As Plaintiff correctly points out, and as stated above, a district court should provide leave to amend when granting a motion to dismiss a complaint unless it is clear that the complaint could not be saved by amendment.  *See Harris*, 573 F.3d at 737; *Cervantes*, 656 F.3d at 1041.  Indeed, leave to amend should be granted "'[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant,  repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . .'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Requesting the Court to grant him leave to amend his Complaint if the Court finds any of his current claims deficient – which the Court already has the obligation to consider – is not akin to bringing a motion to amend the Complaint.  Rather, it is a contingent request for the Court to perform an existing duty.  The Court would make the determination regardless of whether Plaintiff requested leave to amend in his opposition memorandum.  By arguing that the request in his opposition should be considered a motion to amend, Plaintiff appears to be merely attempting to circumvent the deadline for amendment set forth in the Scheduling Order.

The Court finds that a "motion" buried in a memorandum opposing a motion to dismiss and containing only vague generalities concerning a proposed amendment does not provide the Court with a basis for exercising its discretion under Rule 15 (a)(2) to

**REPORT AND RECOMMENDATION - 17**

allow amendment.  To the extent that Plaintiff's requests in his opposition memorandum can be considered a motion to amend the Complaint, the Court recommends that it be denied.

**2.     Post-Scheduling Conference Motion to Amend**

Given that the Scheduling Order has already been entered, Plaintiff may amend his Complaint only if the Scheduling Order is modified to extend the date for filing an amended complaint.  As stated in the Scheduling Order, once the scheduling order was entered, the "freely given" standard of Rule 15(a) yielded to the rule that a scheduling order may not be modified except "for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

In recognition of the need for an increased showing, Plaintiff focuses on his diligence in bringing the Motion to Amend soon after the Scheduling Order was entered and it became apparent that he could not meet the deadlines contained therein.  He notes that he was unable to assist the Court in creating a "workable scheduling order" – a factor sometimes considered – because the Court did not hold a scheduling conference, that he was also faced with two other new Scheduling Orders with the same deadlines in *Gilbert v. Bank of America, et al*., Case No. 1:11-cv-00272-BLW-CWD ("*Gilbert*") and *Van Kirk v. Bank of America, N.A., et al.,* Case No. 1:11-cv-00621-BLW-REB ("*Van Kirk*"), and that various courts have held that adding a "relevant defendant" is good cause justifying modification of a scheduling order.  Inexplicably, he does not identify who that party may be other than by a vague reference that the "servicer and other relevant defendants and

**REPORT AND RECOMMENDATION - 18**

causes of action should be added to this claim."  He believes Defendants will suffer no

prejudice because the case is still in the discovery stage.

Defendants respond that they will indeed be prejudiced should the Court grant the

motion because they will have to engage in additional briefing on "meritless claims"

without having had the benefit of a decision on the Motion to Dismiss.  *Opp'n to Mot. to

Amend* at 2.  They further contend that Plaintiff's counsel is engaging in delay tactics by

filing virtually identical motions to amend in three substantially similar cases at the same

time without any particular facts or claims specific to each case.  *Id*.

As noted by Plaintiff, the pertinent focus when addressing a Rule 16(b) motion to

amend the Scheduling Order is the diligence of the party seeking the amendment.

Whether an amendment should be allowed is judged by whether the moving party could

reasonably meet the Scheduling Order deadline despite diligence.  *See Johnson v.

Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The focus on prejudice to

the opposing party present in the Rule 15(a) context lessens in the Rule 16(b) context.

"Any prejudice to the opposing party can be an additional reason to deny a motion to

amend, but . . . [i]f the moving party 'was not diligent, the inquiry should end.'"  *Robinson

v. Twin Falls Highway Dept.*, 233 F.R.D. 670, 672 (D. Idaho 2006).

Plaintiff filed his Motion to Amend the Scheduling Order on February 16, 2012, a

week after the Scheduling Order was entered and before the deadline for amendments set

forth therein.  Plaintiff exercised reasonable diligence in moving to amend the scheduling

order itself.  However, the Court agrees with Defendants that Plaintiff did not exercise

**REPORT AND RECOMMENDATION - 19**

reasonable diligence in moving to amend the Complaint which was the very basis for moving to amend the Scheduling Order.  Defendants further contend that counsel's conduct "is more appropriately characterized as unethical, rather than just careless." *Opp'n to Mot. to Amend* at 6, Dkt. 17.

Plaintiff brought the very same claims contained in his Proposed Amended Complaint here, except for the "Etc." claims, in *Gilbert* on September 22, 2011, yet he failed to seek leave to amend in *this* case to add the new claims until five months later. He also brought the same claims, except for the "Etc." claims, in *Van Kirk* on December 12, 2011, two months before moving to amend in this case.

The timing of the filings in the other cases belies Plaintiff's statement in his Motion to Amend that he needed additional time to investigate and develop his fraud and breach of fiduciary duty claims.  That, together with his filing of  identical motions to amend in *Gilbert* and *Van Kirk*, indicates bad faith and an apparent attempt to delay resolution of the Motion to Dismiss.  *See Foman v. Davis*, 371 U.S. at 182; *Eminence Capital, LLC*, 316 F.3d at 1052.

## 3.  Futility of Adding Claims

Even if Plaintiff had been diligent in moving to amend, the Motion to Amend should be denied.  All of the proposed new claims could have been brought in the initial Quiet Title Complaint.  For example, his mail fraud claim is based on the same unsupported robo-signing allegations contained in his original Complaint.  *See Compl.* ¶¶ 16, 18, 22, 25-30; *Proposed Amended Compl.* ¶¶ 52-53.  His fraud claim is based on

**REPORT AND RECOMMENDATION - 20**

the same allegations as contained in the mail fraud count and allegations that Defendants

recorded documents containing "false and misleading information" in an attempt "to

coerce plaintiffs to continue to make payments on the debt" and did so "with the intent to

improperly and unlawfully dispose of properties through a wrongful foreclosure mill

process." *Proposed Amended Compl.* ¶¶ 58-61. The fraud count contained new

allegations regarding his attempts to obtain a loan modification.  However, those facts

were obviously known to him at the time he filed the Quiet Title Complaint.

Plaintiff's breach of fiduciary duty and intentional infliction of emotional distress

causes of action likewise are based primarily on similar allegations as contained in the

Quiet Title Complaint.  True, the TILA and RESPA allegations were not contained in the

Quiet Title Complaint.  However, the alleged failure to make the TILA-mandated

disclosures would have occurred at the time the loan transaction occurred in November of

2005.  The RESPA claim that Defendants failed to timely inform him of any alleged

appointments, assignments, and transfers of the Deed of Trust and failed to notify him of

any change of servicers not only was known to him at the time of the Quiet Title

Complaint, but also appears to be a variation on his original claim that Defendants lacked

standing to foreclose. *See Proposed Amended Compl*. ¶ 142 ("Plaintiff has previously

made written demands to Defendants to show evidence of standing to claim a debt and

Defendants have refused to evidence such standing.").

Given that the claims in the Proposed Amended Complaint are essentially

variations of the same claims raised in the Quiet Title Complaint and/or were claims that

**REPORT AND RECOMMENDATION - 21**

could have been brought at the time the Quiet Title Complaint was filed, they would barred on the grounds of res judicata.  Accordingly, it would be futile to allow the requested amendment.

## CONCLUSION

The Court views this action and the Motion to Amend as two further attempts to delay or stop the foreclosure proceedings that commenced two years ago.  What has not changed in those two years is the fact that Plaintiff still does not dispute the loan or the fact that he was in default at the time the Notice of Default was filed and that he has not made any payments on the loan.  While the Court recognizes that having financial difficulties and being faced with losing a home is quite stressful, the fact remains that Plaintiff is contractually obligated to comply with the terms of the Note and Deed of Trust or submit to foreclosure.  Unless he cures the default or reaches a resolution with BANA, Plaintiff must face that inevitable reality.

## REQUEST FOR SANCTIONS

Defendants request imposition of sanctions under Rule 11 against Plaintiff for filing a frivolous lawsuit.  *Def's Mem. in Support of Mot. to Dismiss* at 9, Dkt. 4-1 at 13. Defendants also noted Plaintiff's filing of several "equally meritless actions containing the same allegations on behalf of other people" against them.  In a footnote, Defendants state,

> Indeed, Mr. Daniel Meyer has established a practice of filing
> identical complaints both on his own and on behalf of others.
> The original Meyer action was the first of its kind in Idaho.

**REPORT AND RECOMMENDATION - 22**

> Motions to Dismiss are currently outstanding in many of these nearly identical cases, but the ones that have been decided have been in favor of Defendants and against the same claims that Mr. Meyer tirelessly asserts on behalf of multiple plaintiffs, oftentimes against the same defendant parties.

*Id.* at 7, n. 1 (citing *Dina Aff.*)

Plaintiff responds that his "new claim was not brought with the intent of willfully, recklessly or maliciously burdening this court with frivolous lawsuits" and that he is "not acting in bad faith in any way." *Opp'n Mem.* at 13, Dkt. 7-1 at 13. He believes that the only issue "resolved or litigated" in the prior matter was the tender issue and thus feels that this case "is not merely a repeat of the previous case." *Id.* He opines that "[t]hese claims may burden an already burdened court, but they are raised with factual basis regarding real and serious faults and violation of law and challenges within our legal, political and financial systems. Defendants should be required to spend a lot of money defending these REAL lawsuits based upon their bad, fraudulent actions and violations of numerous federal state laws." *Id.* (emphasis in original).

This latter comment by Plaintiff coupled with his reiteration that his claims are not duplicative of his several prior lawsuits prompted Defendants to expand the basis for their request for sanctions to include the cases Plaintiff has filed on behalf of others: "Given that Plaintiff continues to file the same meritless complaints time and again, Defendants request that the Court impose sanctions to deter Plaintiff from continuing to burden the Court and requiring Defendants to spend money defending frivolous lawsuits." *Reply* at 7 n.2, Dkt. 14.

**REPORT AND RECOMMENDATION - 23**

Rule 11 allows for sanctions against an attorney, law firm, or party who violates Rule 11(b) by filing a pleading or motion that is, *inter alia*, frivolous, for an improper purpose, or lacking in evidentiary support. *Fed. R. Civ. P.* 11. An action is frivolous if it is "both baseless and made without reasonable and competent inquiry," or "groundless . . . with little prospect of success. . . ." *Chevron U.S.A., Inc. v. M & M Petroleum Services, Inc.*, 658 F.3d 948, 952 (9th Cir. 2011) (internal citations omitted).

A district court has the discretion in appropriate circumstances to impose sanctions under Rule 11 and "its inherent authority to curb abusive litigation practices." *DeDios v. International Realty Investments*, 641 F.3d 1071, 1076 (9th Cir. 2011) (citing Fed. R. Civ. P. 11(b)(1)) and *Gomez v. Vernon*, 255 F.3d 1118, 1133-34 (9th Cir. 2001) (inherent power)). "When a reasonable investigation would reveal that a claim is barred by res judicata or collateral estoppel . . . Rule 11 sanctions may be imposed within the district court's discretion." *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997), *abrogated on other grounds by Fossen v. Blue Cross and Blue Shield of Montana, Inc.*, 660 F.3d 1102 (9th Cir. 2011).

Rule 11(c)(2) provides a procedure for bringing a Rule 11 motion for sanctions. It requires that a separate motion describing the alleged violations be served on the offending party and not filed unless the challenged paper, claim, defense, contention, or denial is not withdrawn or corrected within 21 days after service. The procedural requirements of this so-called "safe harbor" provision are mandatory. *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (citing the predecessor Rule 11(c)(1)(A)). The district

court does not have discretion to award sanctions at a *party's* request absent compliance with the safe harbor provision.  *Id.*

It is not apparent from the record that Defendants complied with the safe harbor provision of Rule 11(c)(2).  Defendants must make a showing that they complied or the Court may not impose Rule 11 sanctions at their request.  However, even if Defendants cannot make the requisite showing, the district court may on its own initiative order Plaintiff to show cause why filing the Complaint in this action and seeking to amend it and add even more causes of action violates Rule 11(b).  *See* Fed. R. Civ. P. 11(c)(3).  Indeed, the District Court is in the best position to assess Plaintiff's overall conduct since it has been assigned five of the seven cases that Plaintiff has either filed directly on his own behalf or as counsel for other parties.

The  district court may also impose sanctions under 28 U.S.C. § 1297 which provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The district court may do so even if it does not grant Rule 11 sanctions provided it "develops detailed factual findings regarding unreasonability, vexatiousness, and bad faith.".  *See Blumberg v. Gates*, 152 Fed. Appx. 652, 653-54 (9th Cir. 2005) (citations omitted).

Plaintiff continues to press his claims in this case as well as the other cases

**REPORT AND RECOMMENDATION - 25**

pending in this district despite repeated decisions in his cases as well as others finding the claims to be meritless.  Indeed, even in his Proposed Amended Complaint, he continues to demand production of the original Note. His attempts to forestall inevitable foreclosure have been and continue to be a burden on Defendants and  the Court.

## MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY AND DISPOSITIVE MOTIONS

In his Motion for Extension of Time filed on June 26, 2012, Plaintiff requests that the deadline of July 2, 2012 for disclosing expert witnesses and completing discovery and July 16, 2012 for filing all dispositive motions be extended until "a reasonable date many, many months after the hearing [and] any Report and Recommendation on the [pending] motions [to dismiss and to amend] is completed."

Given the Court's recommended ruling on the Motion to Dismiss and Motion to Amend, Plaintiff's Motion for Extension of Time is moot.

## RECOMMENDATION

Based upon the foregoing, and the Court being otherwise fully advised in the premises, the Court **hereby RECOMMENDS that:**

1.      Defendant's Motion to Dismiss (Dkt. 4) be **GRANTED** without leave to amend and this case be **DISMISSED WITH PREJUDICE**.

2.      Plaintiff's Motion for Leave to Amend the Complaint and Extend the Scheduling Order Deadline (Dkt. 13) be **DENIED**.

3.      The District Court consider the imposition of Rule 11 sanctions at

Defendants' request if they can demonstrate that they complied with Rule

11(c)(2)'s safe harbor procedure, or, alternatively, consider imposing

sanctions *sua sponte* pursuant to Rule 11(c)(3).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

## ORDER

Based upon the foregoing, **IT IS ORDERED:**

1.   Plaintiff's Motion to Take Judicial Notice (Dkt. 5) is **GRANTED**.

2.   Plaintiff's Motion to Extend Scheduling Order Deadlines (Dkt. 26) is

**MOOT**.



DATED: August 14, 2012

_____
Honorable Mikel H. Williams
United States Magistrate Judge

**REPORT AND RECOMMENDATION - 27**

# APPENDIX A

**Plaintiff's Prior Case**

1:10-cv-00632-EJL-REB – *Daniel Meyer v. Bank of America, N.A.; ReconTrust Company, N.A.; and Federal National Mortgage Association*

**Mortgage foreclosure case filed by Plaintiff on behalf of a client**

1:11-cv-00485-BLW-CWD – *Christopherson v. GMAC Mortgage, LLC; Freddie Mac; Mortgage Electronic Registration Systems, Inc.; First American Title Insurance Company; and Cal-Western Reconveyance Corporation* – dismissed pursuant to stipulation.

**Other pending mortgage foreclosure cases filed by Plaintiff on behalf of clients**:

1:11-cv-00193-EJL-CWD – *Washburn v. Bank of America, N.A.; ReconTrust Company, N.A.; Mortage Electronic System, Inc.; and Federal National Mortgage Association*

1:11-cv-00272-BLW-CWD – *Gilbert v. Bank of America, N.A.; Mortgage Electronic Registration Systems, Inc.; ReconTrust Company, N.A.; and Federal National Mortgage Association*

1:11-cv-00357-BLW-REB – *Ohlsen v. Bank of America, N.A.; ReconTrust Company, N.A.; Bank of New York Mellon Corporation; and Mortgage Electronic Registration Systems, Inc.*

1:11-cv-00383-BLW-REB – *Williams v. Bank of America, N.A.; ReconTrust Company, N.A.; Mortgage Electronic Registration Systems, Inc.; and Bank of New York Mellon Corporation*

1:11-cv-00621-BLW-REB – *Van Kirk v. Bank of America, N.A.; Mortgage Electronic Registration Systems, Inc.; Federal National Mortgage Association; BAC Home Loans Servicing, L.P.; Northwest Trustee Services, Inc.; and Bank of America Corporation*