UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL MEYER,<br><br>                    Plaintiff,<br>     v.<br><br>BANK OF AMERICA, N.A., a Delaware<br>Corporation; RECONTRUST<br>COMPANY, N.A., a corporation of<br>unknown origin and a wholly-owned<br>subsidiary of Bank of America, N.A.;<br>FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION, a Federally Chartered<br>Corporation; and DOES 1-10 as<br>individuals or entities with an interest in<br>the property commonly known as:<br>2809 W. Gavin St.<br>Boise, Idaho 83703,<br><br>                    Defendants. | Case No. 1:11-cv-00528-BLW-MHW<br><br>**ORDER** |

        On August 14, 2012, United States Magistrate Judge Mikel H. Williams issued a

Report and Recommendation (Dkt. 31), recommending that Defendants' Motion to

Dismiss (Dkt. 4) be granted, and that Plaintiff's Motion to Amend be denied (Dkt. 13).

Any party may challenge a magistrate judge's proposed recommendation by filing

written objections within fourteen days after being served with a copy of the Magistrate

Judges's Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). The district court

must then "make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made." *Id.* The district court

may accept, reject, or modify in whole or in part, the findings and recommendations made by the Magistrate Judge. *Id.*; *see also* Fed. R. Civ. P. 72(b).

Plaintiff filed an objection challenging the Report and Recommendation's conclusions. (Dkt. No. 35). The Court has considered the Plaintiff's contentions and conducted a *de novo* review of the record, and the Court agrees with Judge Williams' conclusions.

Plaintiff's claims are barred by the doctrine of *res judicata*. As explained by Magistrate Judge Williams, the gravamen of each claim in this case is identical to those in Plaintiff's earlier claim – they involve the same alleged irregularities preceding and following  commencement of the foreclosure proceedings. Moreover, Bank of American's rights and interests would be impaired if this case proceeded after it prevailed in Plaintiff's earlier action on the same Note and Deed of Trust because both cases arise out of the same facts – the purchase of Plaintiff's home and the subsequent foreclosure proceedings. There was a final judgment on the merits in the first action and the parties are the same in this case. Accordingly, Plaintiff's claims are barred by the doctrine of *res judicata*.

Likewise, the motion to amend will be denied because all the proposed new claims were either brought in the initial Quiet Title Complaint, or they are variations of those same claims. Accordingly, it would be futile to allow amendment of the claim because it is beyond doubt that the complaint "could not be saved by any amendment."  *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

ORDER - 2

With regard to sanctions, given Defendants failure to show that they have complied with the safe harbor provision in Rule 11(c)(2), the Court will assume they did not. Although the Court may nevertheless impose sanctions on its own, it chooses not to do so at this time.  However, the Court feels obligated to warn counsel that if he files future lawsuits against Bank of America, on behalf of himself or others, which only rehash the same failed arguments he has made to date, the Court will have no choice but to consider Rule 11 sanctions.

## ORDER

**IT IS ORDERED:**

1.   Having conducted a *de novo* review of the Report and Recommendation, the Court finds that Magistrate Judge Williams' Report and Recommendation is well founded in law and consistent with the Court's own view of the record. Therefore, acting on the recommendation of Magistrate Judge Williams, and this Court being fully advised in the premises, **IT IS HEREBY ORDERED** that the Report and Recommendation entered on August 14, 2012, (Dkt. 31), shall be, and is hereby, **INCORPORATED** by reference and **ADOPTED** in its entirety.

2.   Defendants' Motions to Dismiss (Dkt. 4) is **GRANTED** and this case shall be **DISMISSED WITH PREJUDICE**.

3.   Plaintiff's Motion for Leave to Amend the Complaint and Extend the Scheduling Order Deadline (Dkt. 13) is **DENIED**.

4.      The Court will enter a separate judgment in accordance with Federal Rule

of Civil Procedure 58.



DATED: September 26, 2012

B. Lynn Winmill
Chief Judge
United States District Court